**Petition of SIGHTSEEING TOURS, Inc., et al.**

Railroad & Public Utilities Commission.

April 13, 1953.

Lewis H. Hill, Jr., Tampa, for joint petitioners.

John M. Allison of Macfarlane, Ferguson, Allison & Kelly, Tampa, for Gulf Coast Motor Lines and Florida Greyhound Lines, Inc., protestants.

BY THE COMMISSION.

On March 6, 1952, the commission by its duly designated examiner, George L. Patten, held a public hearing on this petition in the Chamber of Commerce Building in Tampa.

By order no. 2642 dated December 4, 1951, this commission approved transfer of certificate of public convenience and necessity no. L-87 from Sightseeing Tours, Inc., to Southern Tours, Inc., which certificate authorizes the transportation of passengers for sightseeing purposes in motor buses from Tampa to all points and places of interest within a 150 mile radius of Tampa on a round trip basis.

In that order we held in abeyance a ruling on the application for the approval of the transfer of certificate no. L-85, which authorizes the transportation of race track patrons in motor buses in limited common carriage between Tampa and the Tampa Downs Race Track near Oldsmar pending a separate hearing and determination of the question whether or not the certificate should be cancelled because of abandonment of operations.

Thereafter on February 20, 1952, the commission issued its order no. 2680 directing Sightseeing Tours, Inc., and Southern

Tours, Inc., to appear before an examiner of this commission and produce witnesses who are familiar with the race track operations conducted by Sightseeing Tours, Inc., during 1948, 1949 and 1950 to March 25, 1950, and to produce all records of Sightseeing Tours, Inc., showing operations or lack of operations during that period.

At the hearing R. R. Hartsell of Fort Myers testified that he was an official of Sightseeing Tours, Inc., during the years 1947, 1948 and 1949, and perhaps a part of 1950. He testified that Sightseeing Tours, Inc., and Hillsboro Bus System (the latter being the holder of a certificate of public convenience and necessity authorizing the transportation of race track patrons in motor buses between Tampa and Tampa Downs Race Track) entered into an agreement whereby the two companies combined their operations and operated schedules jointly. This agreement was purportedly reduced to writing and transmitted to this commission for approval. The only record in this regard is a letter dated February 5, 1948, from the secretary of the commission to Lewis H. Hill, Jr., acknowledging receipt of a lease agreement between the two companies and advising that the commission, in conference on February 3, 1948, had approved the agreement. In addition to the combined operations, this witness testified that on advice of counsel Sightseeing Tours, Inc., operated one trip in its own right during the racing season of each of the mentioned years. The records of the state comptroller's office disclose that in 1948 trips were made in the months of January, February and March; in 1949 one trip was made in March; and in 1950 one trip was made, also in March. The record discloses, however, that the mileage tax reports during the years 1948 and 1949 were made on a mileage basis of 17 miles. The witness testified that the trips reported were actually operated by his company and to the best of his recollection the company leased equipment.

During the latter part of 1949 the stockholders of Sightseeing Tours, Inc., sold their stock to a man named Kerr, and from the testimony of C. C. Vega, Jr., an attorney who represented Kerr in connection with the purchase of the stock and who was also at one time president of Sunshine Race Track, it appears that Sightseeing Tours, Inc., under the management of Kerr, actually conducted operations to the race track. L. L. Scott, who was president of Hillsboro Bus System during 1947, 1948 and 1949, corroborated the testimony of the witness Hartsell as to the combined operations of his company and Sightseeing Tours, Inc., to the race track. T. E. Christian, who operates a restaurant at Morgan and Twigg streets in Tampa, testified that Sightseeing Tours, Inc., operated from the corner of Morgan and Twigg during the racing seasons for the years 1948, 1949 and 1950.

From the evidence adduced at the hearing we find that there has been no abandonment of operations requiring revocation of certificate as contemplated by section 323.10, Florida Statutes 1951. We further find that as to certificate no. L-85 the joint petitioners have complied with the requirements of law and the rules and regulations of this commission relating to the transfer of a certificate of public convenience and necessity and that the transferee, Southern Tours, Inc., is qualified, financially and otherwise, to conduct the transportation service contemplated by the joint petition.

It is therefore ordered that the transfer of certificate of public convenience and necessity no. L-85 be and the same is hereby approved. It is further ordered that upon effecting the transfer of said certificate the joint petitioners notify this commission in order that said certificate and the authority thereunder may be reissued in the name of the transferee.